## DRUMMOND v. SKINNER.

No. 29903.   July 1, 1941.

Rehearing Denied Sept. 9, 1941.

*116 P. 2d 695.*

Henry R. Duncan, of Tulsa, for plaintiff in error.

Cleo Wilson and E. M. Connor, both of Tulsa, for defendant in error.

RILEY, J. H. W. Skinner brought this action against A. A. Drummond in the district court of Osage county. A jury was waived and the cause was tried to the court. Judgment was for H. W. Skinner, and Drummond appeals. The parties will be referred to as plaintiff and defendant as in the trial court.

On July 4, 1936, one Leo F. White stood charged with a criminal offense in the district court of Barber county, Kan. Defendant was interested in procuring his release from custody on bail, which had been fixed at $3,000. On July 4, 1936, defendant submitted an instrument in writing addressed to Mr. H. W. and D. W. Skinner, Medicine Lodge, Kan., the material part of which is:

"In connection with the furnishing of bond for the appearance of one Leo White, for the October term of Court in Medicine Lodge, said White now being confined in the County Jail of Barber County, this is to advise you that I will personally guarantee you against loss or liability in connection with your signing said bond for the amount of $3,-000.00 (three thousand dollars) as fixed by the Judge of said county or District, and hold you harmless as to any loss, action, liability, or act arising from your signatures to said bond, and will furthermore personally guarantee the appearance of Leo White in Medicine Lodge, Kansas at the Oct. 1936 term of court in the event said case is not dismissed against Leo White before the October term of court in 1936."

Thereafter, on July 6, 1936, there was filed in said matter an appearance bond, in the sum of $3,000, signed by Leo F. White, as principal, and Alfred A. Drummond, H. W. Skinner, and Blaine Jones, as sureties. Said bond was taken and acknowledged before Edith Myers, clerk of the district court of Barber county, Kan., on July 6, 1936. Alfred A. Drummond, H. W. Skinner, and Blaine Jones each qualified under oath, stating that they and each of them were worth $3,000 over and above all liability and legal exemptions.

The principal, Leo F. White, failed to appear as the bond provided. The bond was declared forfeited. Suit was brought on said bond, and judgment was rendered against H. W. Skinner and Blaine Jones in the sum of $3,197, including costs.

This action was then brought by H. W. Skinner.

Plaintiff pleaded said written guaranty and alleged that he had paid said judgment, and made demand upon defendant for reimbursement and that payment was refused.

Defendant answered, but later obtained leave to withdraw said answer and demurred to the petition.

The demurrer was overruled and an answer in the nature of a general denial was filed.

A part of the facts were stipulated as follows:

"I. That the plaintiff herein, H. W. Skinner, did on July 6, 1936, make, sign and execute to the county of Barber,

Kansas, a certain appearance bond on behalf of one Leo F. White, in case No. 818 in the district court of Barber county, Kansas, being styled State of Kansas, plaintiff, v. Leo F. White, defendant, and that the certified copy of said bond as attached hereto is an exact copy of the bond so made, executed and delivered by the said H. W. Skinner for the said Leo F. White.

"II. That thereafter, the said Leo F. White defaulted on said bond and that the same was ordered forfeited and was forfeited by the district court of Barber county, Kansas.

"III. That thereafter, the plaintiff herein, H. W. Skinner, was sued upon said bond so made and delivered by him in favor of the said Leo F. White and that on the 12th day of March, 1938, judgment was granted in said action in favor of the State of Kansas against the said H. W. Skinner, plaintiff herein, for the sum of $3,197 with interest at the rate of 6% from the 12th of March, 1938, and the cost of said action; that the same was styled the State of Kansas, plaintiff, v. Leo F. White et al., defendants, No. 7570. That the certified copy of the journal entry attached hereto is a true and correct copy of the journal entry of judgment· rendered in said cause.

"IV. That thereafter, the said H. W. Skinner did settle said judgment with the board of county commissioners of Barber county, Kansas, and has secured a release and satisfaction of said judgment, a copy of the settlement of said judgment is attached hereto and made a part hereof."

The agreement· whereby the judgment against H. W. Skinner was settled and satisfied was between the board of county commissioners on the one part and D. W. Skinner and Marjorie Skinner on the other part. It recited the judgment against H. W. Skinner and Blaine Jones and then provided:

"It is therefore agreed by and between the parties hereto that in satisfaction of said judgment against the said H. W. Skinner and Blaine Jones, the said party of the second part will pay to the Clerk of the district court of Barber county, Kansas, the sum of $112.66 in cash, and as further consideration for the release of said judgment, party of the second part hereby grants and conveys to party of the first part a right of way for highway purposes. . . ."

(Then follows a description of the right of way a little over one mile in length running nearly north and south, and then provided:)

"It is understood and agreed by and between the parties hereto that as a part consideration for the satisfaction of the judgment herein referred to, the party of the second part grants to party of the first part said above-described right of way and waives all claims for damages, including cost of fencing, arising by reason of said right of way and the building of the road upon said right of way."

It then provided with reference to another right of way over another part of the tract of land as follows:

"Some question has arisen over a certain right of way along the diagonal road running from Lake City to Sun City along land owned by party of the second part. As a further consideration for the release of the judgment herein referred to, party of the second part recognizes the legality of the establishment of said diagonal road, waives any irregularity, if any there be, in the procurement of said right of way and waives any and all claims for damages by reason of said right of way.

"Party of the first part agrees to have said judgment herein referred to satisfied of·record as against both the said H. W. Skinner and Blaine Jones."

A copy of the guaranty, a copy of the bond, and a copy of the judgment against Skinner and Jones were introduced in evidence, and plaintiff rested.

Thereupon, defendant demurred to the evidence of plaintiff. The demurrer was overruled. Defendant then introduced a number of witnesses whereby he sought to prove that the damages suffered by the reason of the right of way granted for the release of said judgment amounted to much less than the amount of the judgment, and rested. Plaintiff then introduced his evidence tending to prove the damages to be as

much or more than the amount of the judgment.

Defendant first contends that the court erred in overruling his demurrer to plaintiff's petition. His position is that he offered or proposed to guarantee both H. W. Skinner and D. W. Skinner, and since only H. W. Skinner signed the bond, he is not liable to him.

The indemnity agreement, for such it is, must be considered in the light of the principal object sought to be obtained. This was the liberation of White upon bail.

Drummond was apparently the only one interested in procuring White's release on bail. It is not of the substance of the condition that H. W. Skinner and D. W. Skinner should both personally become liable by signing the bail bond. If either should do so and the bond was signed and accepted and as a consequence White were released from custody, the object sought by Drummond would have been as fully accomplished as it would have been had H. W. and D. W. Skinner both signed. That would have been substantial compliance with the defendant's proposition and agreement.

A number of cases are cited on both sides of the controversy. The only case cited which is in any way similar to the facts here involved is Abner Bird et al. v. John Washburn et al., 27 Mass. (10 Pickering) 223. That case presents a very similar situation. There John Everett and John Washburn executed and delivered a bond running to Abner Bird and Thomas Kendrick to pay to said Bird and Kendrick "all the money that they shall be obliged to pay in consequence of their becoming bail to liberate Isaac D. Thompson from Worcester jail. . . ." Kendrick declined to sign the bail bond. Bird, along with another person, Emory Thompson, signed recognizance and procured the release of Isaac D. Thompson from jail. Bird agreed to save Emory harmless.

Isaac D. Thompson defaulted and Bird paid the amount of the recognizance.

There, as here, it was urged that no debt accrued according to the terms of the bond because the two obligees in the bond never became bail for Isaac D. Thompson nor paid money in consequence in becoming his bail. In construing the bond, the court said:

"The court would by no means express a doubt of the authority of that class of cases, which are founded upon the rule that upon a conditional undertaking the condition must be strictly and exactly complied with before an action can be maintained, and that where time, place, or any other mode or form of performance, are part of the condition, such mode or form, however immaterial or even frivolous, must be pursued. But we proceed upon the ground that in construing this obscure contract it was no part of the condition that both the plaintiffs should become bail, or that both should pay, but it was intended to indemnify both or either, according to the contingent event that both or either should become bail, and be in consequence compelled to pay money."

There was no error in overruling the demurrer to the petition.

It is next contended that the court erred in overruling defendant's demurrer to plaintiff's evidence. Under this proposition, defendant asserts that plaintiff did not prove or attempt to prove anything different to what he alleged in his petition.

Plaintiff proved all that he alleged in his petition. Having held that the petition was good as against a general demurrer, it follows that there was no error in overruling the demurrer to plaintiff's evidence.

It is next contended that the court erred in not rendering judgment for defendant at the close of all the evidence. As stated heretofore, there was much evidence on both sides going to the amount of damages suffered by reason of the right of way for a road over the land described in the settlement agreement. That was the principal issue at the trial. Certainly there was no error in refusing to render judgment for defendant. In every other propo-

sition, defendant insists that judgment should have been for defendant because both D. W. and H. W. Skinner did not sign the bail bond for White. These contentions, as we have said, are not well founded.

As heretofore stated, defendant Drummond was present when the bail bond for White was presented to the clerk of the district court. He joined with Leo White, H. W. Skinner, and Blaine in acknowledging its execution. He joined in a joint affidavit with H. W. Skinner and Blaine Jones as to their qualification. He must have known at the time that D. W. Skinner had not signed the bond. He should not be heard to complain, after liability has accrued on the bond, that D. W. Skinner did not sign the bail bond.

It is next contended that the evidence shows that D. W. Skinner was the owner of the land over which the rights of way were granted and that he in fact furnished the consideration for the release of the judgment. It is true that the evidence shows that the record title was in D. W. Skinner.

H. W. Skinner testified that the rights of way laid out by the county were on his land. The record title may have been in D. W. Skinner, but the evidence further shows that H. W. Skinner had an arrangement with D. W. Skinner whereby the latter assisted in settling the judgment.

From the record as a whole, there is no substantial error, and the judgment is affirmed.

Plaintiff calls attention to the fact that defendant gave a supersedeas bond, which is in the record, and moves for judgment thereon.

The supersedeas bond is signed by Alfred A. Drummond as principal, and Addie G. Drummond and Joe Watson as sureties, and is in the form required by law.

It is therefore ordered and adjudged that plaintiff have judgment against said sureties in the sum of $3,197, and costs with 6 per cent interest from September 22, 1938.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur.